UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:19-cv-10084-KMM

RONALD T. GALLO,

    Plaintiff,
v.

COMMISIONER OF SOCIAL SECURITY,

    Defendant.
                                                   /

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the Parties' cross motions for summary judgment. On May 30, 2019, Plaintiff Ronald T. Gallo ("Plaintiff") filed a Complaint seeking review of a final decision made by Defendant Commissioner of Social Security ("Defendant"). (ECF No. 1). On June 1, 2021, Plaintiff made an *ore tenus* Cross Motion for Summary Judgment at a hearing before United States Magistrate Judge Jacqueline Becerra. ("Pl.'s Mot.") (ECF No. 23). On June 22, 2021, Defendant filed its Motion for Summary Judgment with Supporting Memorandum of Law. ("Def.'s Mot.") (ECF No. 27).

The Court referred the matter to Magistrate Judge Becerra who issued a Report and Recommendation recommending that (1) Plaintiff's Motion be DENIED; and (2) Defendant's Motion be GRANTED. ("R&R") (ECF No. 28). On August 16, 2021, Plaintiff filed a *pro se* letter which the Court construes as Plaintiff's objections to the R&R. ("Obj.") (ECF No. 30). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

---

[1] The Court assumes familiarity with the facts and procedural history, which are set forth in the R&R. *See* R&R at 1–10.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Plaintiff contends that the ALJ committed two errors. *See* R&R at 11. First, Plaintiff contends that the ALJ failed to consider the entirety of Plaintiff's testimony in assessing whether he could return to his past relevant work. R&R at 11; Compl. at 5. Second, Plaintiff contends that the ALJ failed to properly evaluate the opinion rendered by Plaintiff's treating physician. R&R at 11; Comp. at 5–6.

As set forth in the R&R, Magistrate Judge Becerra finds that: (1) the ALJ's findings at step four of the five-step analysis are supported by substantial evidence in reliance on the vocational expert's testimony that Plaintiff could perform past relevant work, and Plaintiff fails to argue that his inability to return to his past relevant work is due to his physical or mental impairments; and (2) the ALJ's decision to discount the treating physician's limitations on standing, walking, and sitting are supported by substantial evidence in the record, and thus Magistrate Judge Becerra will not second guess the ALJ's decision in that regard. R&R at 12–17. The Court agrees with Magistrate Judge Becerra's findings. Further, the Court finds that Plaintiff's objections are aptly characterized as a general objection to the R&R and do not include any proper, specific objections for the Court's consideration. *See generally* Obj.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 28) is ADOPTED. It is FURTHER ORDERED that Defendant's Motion (ECF No. 27) is GRANTED and Plaintiff's *ore tenus* Motion (ECF No. 23) is DENIED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August, 2021.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record